# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF NEW YORK

TIMOTHY L. IRWIN,

                                    Plaintiff,

                    - v -                                    Civ. No. 8:14-CV-444
                                                                      (LEK/RFT)

PLATTSBURGH CITY POLICE DEP'T;
OFFICER DARIN M. PERROTTE; OFFICER VASSAR;
and LT. RASCO,

                                    Defendants.

**APPEARANCES:**                              **OF COUNSEL:**

TIMOTHY L. IRWIN
Plaintiff, *Pro se*
20140055
Clinton County Jail
25 McCarthy Drive
Plattsburgh, New York 12901

**RANDOLPH F. TREECE**
**United States Magistrate Judge**

## REPORT RECOMMENDATION and ORDER

The Clerk has sent to the Court for review a Complaint filed by *pro se* Plaintiff Timothy

Irwin, who is currently incarcerated at Clinton County Jail.  Dkt. No. 3, Compl.  Plaintiff has not

paid the filing fee, but has submitted a Motion to Proceed *In Forma Pauperis* and an Inmate

Authorization Form.  Dkt. Nos. 6 & 7.[1]

Though somewhat difficult to decipher, after liberally construing Plaintiff's Complaint, it

appears to the Court that Plaintiff's chief complaint is that members of the Plattsburgh Police

---

[1] This matter was transferred to this District from the Southern District of New York on April 18, 2014.  Dkt.
No. 4.  Because Plaintiff failed to submit the required Inmate Authorization Form, this case was administratively closed,
but Plaintiff was given an opportunity to have his case reopened by complying with this District's Rules in filing the
proper documentation.  Dkt. No. 8.  On May 27, 2014, the case was reopened upon receipt of the proper documents from
Plaintiff and is now ready for the Court's initial review.

Department approached him while out of their jurisdiction, threatened to taze him, and arrested him. As such, we liberally construe this action as having been brought pursuant to 42 U.S.C. § 1983, in order to vindicate Plaintiff's constitutional rights.

## I. DISCUSSION

### A. *In Forma Pauperis* Application

Turning first to Plaintiff's Motion to Proceed with this Action *In Forma Pauperis*, after reviewing the entire file, the Court finds that Plaintiff meets the requirement for economic need and thus may properly proceed with this matter *in forma pauperis*.

### B. Plaintiff's Complaint

Section 1915(e) of Title 28 of the United States Code directs that, when a plaintiff seeks to proceed *in forma pauperis*, "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Thus, it is a court's responsibility to determine that a plaintiff may properly maintain his complaint before permitting him to proceed with his action.

Moreover, under 28 U.S.C. § 1915A, a court must, as soon as practicable, *sua sponte* review "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employees of a governmental agency" and must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §§ 1915A(a) & (b); *see also Carr v. Dvorin*, 171 F.3d 115, 116 (2d Cir. 1999) (*per curiam*).

In reviewing a *pro se* complaint, this Court has a duty to show liberality toward *pro se* litigants, *see Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990), and should exercise "extreme caution . . . in ordering sua sponte dismissal of a pro se complaint *before* the adverse party has been served and both parties (but particularly the plaintiff) have had an opportunity to respond." *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983) (emphasis in original) (citations omitted). Therefore, a court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 556). Although the court should construe the factual allegations in the light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Id.* at 679 (quoting FED. R. CIV. P. 8(a)(2)). Furthermore, Federal Rule of Civil Procedure 8 "demands more than an unadorned, the-defendant- unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555). Thus, a pleading that only "tenders naked assertions devoid of further factual enhancement" will not suffice. *Id.* (internal quotation marks and alterations omitted). Allegations that "are so vague as to fail to give the defendants adequate notice of the claims against them" are subject to dismissal. *Sheehy v. Brown*,

335 F. App'x 102, 104 (2d Cir. 2009).

Plaintiff alleges that the events giving rise to his claims for relief occurred at approximately 9:30 p.m., on January 29, 2014, on Brand Hollow Road, in the Town of Peru. Plaintiff utilized a *pro forma* complaint, which, upon information and belief, is used in the Southern District of New York to help *pro se* litigants draft a complaint. Within the section dealing with the alleged facts, the form prompts the writer to answer questions such as "What happened to you?, Who did what?, Was anyone else involved?, and Who else saw what happened?" Compl. at Part III.C. In stating "what happened" to him, Plaintiff allege as follows:

> PLATTSBURGH POLICE WENT OUT OF THEIR JURIDICTION [sic], TO THE TOWN OF PERU, TO ASK ME A QUESTION, AND TOLD ME TO DRIVE TO THE BORDER LINE OF PLATTSBURGH. I REPLIED NO, DO YOU HAVE A WARRENT [sic], THEY SAID NOT. I ASK THEM ARE YOU ARRESTING ME, THEY SAID NO. THEN I TOLD THEM TO GET OFF MY PROPERTY, THIS IS NOT YOUR JURIDICTION [sic], YOUR [sic] IN THE TOWN OF PERU[.] THEY TOOK OUT THEIR TAZAR [sic] AND TOLD ME DON'T MOVE, YOUR [sic] UNDER ARRES[T.] PLATTSBURGH POLICE OVERSTEP [sic] THEIR BOUNDERING [sic] AND DID A[N] ILLEGAL ARREST COMING TO A[N]OTHER TOWN AN[D] MUNIPULATE [sic] ME INTO DRIVING MY VEHICLE TO THEIR JURIDICTION [sic]. I NEVER MOVED MY VEHICLE, I SAID NO I['][M NOT DRIVING NO WHERE. THEY CALLED FOR BACK UP AND 8 TO 10 POLICE CARS CAME TO PERU FROM PLATTSBURGH.

*Id*. (emphasis in original).

In light of Plaintiff's *pro se* status, the Court has examined the Complaint carefully to determine whether a basis exists for this Court's exercise of jurisdiction over his claims. However, the Court is not able to discern either a factual or legal basis for this action. The portion of the Complaint under the heading "Statement of Claim" sets forth only vague and conclusory allegations, none of which are directed against a single named Defendant. The civil rights statute at issue, 42 U.S.C. § 1983, establishes a cause of action for "the deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of the United States by a person acting under

color of state law. *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983); *see also Myers v. Wollowitz*, 1995 WL 236245, at *2 (N.D.N.Y. Apr. 10, 1995) (Section 1983 "is the vehicle by which individuals may seek redress for alleged violations of their constitutional rights."). The Complaint fails to include enough facts regarding the circumstances surrounding the incident to allow this Court to assess whether Plaintiff's rights were violated in any way. Indeed, Plaintiff's statement of facts amounts to nothing more than a legal conclusion that his rights were violated, and is unsupported by any facts.

Furthermore, the Court notes that Plaintiff cannot state a claim against the Plattsburgh Police Department inasmuch as "a city police department is not an independent, suable entity separate from the municipality in which the police department is organized." *Krug v. Cnty. of Rensselaer*, 559 F. Supp. 2d 223, 247 (N.D.N.Y. 2008) (citations omitted). But, even if this Court were to substitute the City of Plattsburgh as the real party in interest, Plaintiff's claims still fail because he fails to allege that this municipality caused a constitutional violation pursuant to an official policy. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978). Thus, to the extent this action can be construed as brought against the City of Plattsburgh, it must be dismissed because, as drafted, the Complaint fails to allege a cognizable constitutional violation.

While the Court recognizes that Plaintiff is proceeding *pro se* and that this requires the Court to treat his pleadings with a certain degree of liberality, we find that the Complaint is nevertheless wholly insufficient to state any plausible claim for relief or to allow a defendant to make a reasonable response. Under these circumstances, the Court concludes that the Complaint as drafted fails to state a claim upon which relief may be granted and is subject to dismissal pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A. *See Ashcroft v. Iqbal*, 556 U.S. at 678 ("[A] complaint

[does not] suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'") (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. at 557). Thus, we recommend dismissal of this action.

Alternatively, in light of his *pro se* status, the Court recommends that prior to outright dismissal of this action, Plaintiff should be afforded the opportunity to file an amended complaint if he desires to proceed with this action. Should Plaintiff be directed by the District Judge to file an amended complaint, we offer the following guidance. Any such amended complaint, **which shall supersede and replace in its entirety the previous Complaint filed by Plaintiff**, must contain a caption that clearly identifies, by name, each individual that Plaintiff is suing in the present lawsuit and must bear the case number assigned to this action. The body of Plaintiff's amended complaint must contain **sequentially numbered paragraphs containing only one act of misconduct per paragraph**. Thus, if Plaintiff claims that his civil and/or constitutional rights were violated by more than one defendant, or on more than one occasion, he should include a corresponding number of paragraphs in his amended complaint for each such allegation, with each paragraph specifying (i) the alleged act of misconduct; (ii) the date on which such misconduct occurred; (iii) the names of each and every individual who participated in such misconduct; (iv) where appropriate, the location where the alleged misconduct occurred; and, (v) the nexus between such misconduct and Plaintiff's civil and/or constitutional rights.

Plaintiff's amended complaint shall also assert claims against each and every defendant named in such complaint; **any defendant not named in such pleading shall not be a defendant in the instant action**. Plaintiff is further cautioned that no portion of any prior complaint shall be incorporated into his amended complaint by reference. **Plaintiff shall state in the single amended complaint all claims that he wishes this Court to consider as a basis for awarding Plaintiff**

**relief herein; his failure to file such a pleading will result in dismissal of this action without further Order of the Court**.  Any amended complaint submitted by plaintiff must set forth all of the claims he intends to assert against the defendants and must demonstrate that a case or controversy exists between the plaintiff and the defendants which plaintiff has a legal right to pursue and over which this Court has jurisdiction.  If Plaintiff is alleging that the named defendants violated some other federal or state law, aside from 42 U.S.C. § 1983, he should specifically make reference to such laws.

## II.  CONCLUSION

For the reasons stated herein, it is hereby

**ORDERED**, that Plaintiff's *In Forma Pauperis* Application (Dkt. No. 9) is **granted**; and it is further

**RECOMMENDED**, that pursuant to the Court's review under 28 U.S.C. §§ 1915 and 1915A, Plaintiff's entire Complaint should be **dismissed** pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b) for failing to state a claim upon which relief can be granted.  However, in light of his *pro se* status, this Court further

**RECOMMENDS**, that prior to outright dismissal, Plaintiff be afforded an opportunity to amend his Complaint consistent with the directions above.  In any amended complaint that Plaintiff files, Plaintiff must allege claims of misconduct or wrongdoing against Defendants that he has a legal right to pursue and over which this Court has jurisdiction; and it is further

**ORDERED**, that the Clerk serve a copy of this Report-Recommendation and Order on Plaintiff by regular mail.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14) days within which to file

written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.

**FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

Date:   September 5, 2014
        Albany, New York

Randolph F. Treece
U.S. Magistrate Judge